**BARKER et v WILLS**

Ohio Appeals, 5th Dist, Tuscarawas Co

Decided Dec 24, 1932

Charles D. Hayden, Prosecuting Attorney, Centerburg, for plaintiffs in error.

S. J. Hare, Prosecuting Attorney, New Philadelphia, for defendant in error.

686

GARVER, PJ.

Plaintiff attempted to bring this action under §3484-1 GC, which reads as follows: "If a person requiring relief whose legal settlement has been ascertained to be in some other county of the state refuses to be removed thereto, pursuant to §3482 or to §3484 GC, on complaint being made by the officer whose duty it is to remove him, the probate judge of the county in which the person is found shall issue a warrant for such removal. In addition to all other proceedings for the removal of a person requiring relief to another county of the state wherein his legal settlement may be, the township trustees or the proper officers of the municipal corporation in which a person requiring public relief is found or resident taxpayer of the county may institute proceedings in the Probate Court **of such county** to determine the legal settlement of such person and procure his removal **thereto.** Such proceedings shall be by petition which shall be sufficient if it states the facts required by §3481 GC to be ascertained. The county commissioners of the county in which such person is alleged to have a legal settlement shall be made parties and summons issued to them as in civil actions. The proceedings may be set down for hearing at any time after the return day of the summons and shall be deemed at issue without further pleading. If upon, the evidence the person is found to require public relief or support and that he is legally settled in the township and county alleged in the petition a warrant for his removal to said county shall be issued by the probate judge and judgment shall be rendered for costs and all charges and expenditures for which the commissioners of said county shall be liable by virtue of notice similar to that provided for in §§3482 and 3483 GC, which notice for the purpose of action herein provided for may be given by a board, officer or person authorized to bring such action." (The black face is ours).

Sec 11268 GC provides as follows::

"Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in the next two succeeding sections:

"1. For the recovery of real property, or of an estate or interest therein;

"2. For the partition of real property;

"3. For the foreclosure of a mortgage, or the enforcement of a lien or other incumbrance or charge on real property."

Sec 11282 GC provides: "When the action is rightly brought in any county, according to the provisions of the next preceding chapter, a summons may be issued to any other county, against one or more of the defendants."

Sec 11980 GC provides that actions for divorce or alimony shall be brought in the county where the plaintiff resides, or where the cause of action arose.

Sec 11983 GC provides that "when the defendant (in a divorce case) is a resident of this state, the clerk shall issue a summons, directed to the sheriff of the county in which he or she resides or is found."

Sec 6308 GC provides: "Actions for injury * * * caused by the negligence of the owner or operator of a motor vehicle, may be brought, by the person injured, against such owner or operator in the county wherein such injury occurs. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions."

Sec 3484-1 GC says that summons may be issued to the county commissioners as in civil actions; but nowhere do we find any authority for sending the summons issued in one county to the sheriff of some other county in the state for service, as is set forth in the sections above.

Therefore, the Probate Court erred in not sustaining the motion made by defendants, and there is no authority in the statutes for sending notice from Tuscarawas County to Knox County, or any other county in the state for that matter, under §3484-1 GC, for the sheriff to make such service. The Common Pleas Court erred in affirming the judgment of the Probate Court, and the Probate Court obtained no jurisdiction over the persons of the defendants, and had no jurisdiction to hear and determine the cause of action against them without having jurisdiction over their persons.

We have studied further to ascertain the object of the General Assembly in enacting this statute, and, to make it workable, we think that the words, "of such county," in black face in the above copy of the statute, refer back to the other county of the state, wherein the person requiring relief may have a legal settlement, and that the word, "thereto" which we have made black face as above, also refers back to that same county. If you construe the words "of such county," as referring to the county in which the resident taxpayer resides, then the word, "thereto," must also refer to the same county, and it would not be necessary to make any removal of the person requiring relief.

Therefore, we hold the construction of this statute to be that the true meaning of the sentence containing the black face words is as follows: "In addition to all other procedings for the removal of a person requiring relief to another county of the state wherein his legal settlement may be, the township trustees or the proper officers of the municipal corporation in which such person requiring such relief is found; or a resident taxpayer of the county may institute proceedings in the Probate Court of said county wherein the legal settlement of the person requiring relief may be, to determine the legal settlement of such person and procure his removal to said county."

Such construction is further sustained by the fact that §3484 GC was amended, and §3484-1 GC enacted, as parts of the same bill. §3484 GC, at its close, provides: "The trustees of such township, or proper officers of a municipal corporation, may furnish him the necessary relief and collect the amount thereof from such board of county commissioners by a civil action, in the name of such township trustees, or of such municipal officers in the Court of Common Pleas of the county in which such infirmary is situated."

This would be the county in which the defendant county commissioners reside.

Sec 3484-2 GC provides that when medical service and certain other service is rendered a person who has a legal settlement in the county "other than the one in which such service is rendered, and is unable to pay the expenses of such service," after proper notice to the county commissioners of the county of the legal settlement, the said county of legal settlement shall be liable for the expenses of such service at the established rate of the municipality or township therefor. No statement is made in said section as to where a suit should be brought in such case, but there can be no dispute that it must be brought in the county where the legal settlement is claimed to have been made.

Therefore, the Probate Court of Tuscarawas County not only had no jurisdiction

of the persons of the county commissioners in this case, but also had no jurisdiction to try this case, and if the plaintiff desires to bring an action under §3484-1, GC, it must be brought in Knox County, Ohio. The petition is dismissed, at the costs of plaintiff.

Petition dismissed.

SHERICK and LEMERT, JJ, concur.·